UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VANCE SCOTT SENIOR | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2417 |
| ST. CHARLES PARISH, ET AL. | * | SECTION "O" (2) |

## SHOW CAUSE ORDER AND REASONS

Plaintiff Vance Scott Senior filed a Complaint and *Ex Parte* Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 1, 2. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(B)(1).

In his Complaint, Plaintiff asserts false arrest, imprisonment, and unlawful stop claims under 42 U.S.C. § 1983 against Deputies Charles Thomas, Brandon Oubre, and Corey Detillier of the St Charles Parish Sheriff's Office, § 1983 claims against Judge Connie Aucoin of the 29th Judicial District, § 1983 and Civil RICO claims and claims based on state criminal statutes against Jake's Towing Co., and claims based on federal criminal statutes against Deputy Thomas. ECF No. 1. Plaintiff also lists as defendants both St. Charles Parish and its Sheriff's Office, but it is unclear what claims he asserts against them.

## I. *In Forma Pauperis* Standard for Authorization to Proceed Without Payment

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay statutory filing fees."[2] Courts assess plaintiff's financial ability after considering whether

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

payment of the filing fee would cause an undue financial hardship.[3]  This analysis entails a review of plaintiff's income sources (including social security or unemployment payments[4]) and the demands on his financial resources, including whether expenses are discretionary or mandatory.[5] While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is only allowed when a movant cannot give such costs and remain able to provide for himself and/or dependents.[6]  Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[7]

In his application, Plaintiff indicates he is self-employed but has not been able to work since an "incident," and has earned $0 in income.  ECF No. 2 ¶ 2.  Plaintiff represents that he has $100 in cash, checking or savings funds, four dependents, and only his "[f]amily" as his financial obligation.  *Id.* ¶¶ 4, 7-8.  He represents he no longer has any assets.  *Id.* ¶ 5.  He does not indicate whether, and to what extent if any, he has any monthly expenses.

Based on the information provided by Plaintiff in his application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship.  Accordingly, Plaintiff will be permitted to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a), and his Complaint will be filed without pre-payment of fees or costs.  This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious

---

[3] *Id.*

[4] Courts consider social security payments in making the *in-forma-pauperis* determination. *See, e.g., Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (S.D. Miss. Feb. 12, 2013).

[5] *Prows*, 842 F.2d at 140.

[6] *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

[7] *Prows*, 842 F.2d at 140; § 1915(a).

under § 1915(e)(2). The Court may in its discretion impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases.[8]

Summons will not be issued at this time, however, pending completion of this Court's statutorily-mandated frivolous review.

## II.    <u>Statutorily Mandated Review</u>

The Court is required by 28 U.S.C. § 1915(e) to review complaints filed by plaintiff in forma pauperis because there exists no absolute right to proceed *in forma pauperis* in federal civil matters.[9] Rather, it is a privilege extended to those unable to pay filing fees when it is apparent that the claims do not lack merit on their face.[10] And while *pro se* complaints are held to "less stringent standards" than attorney-drafted filings,[11] *pro se* status does not constitute an impenetrable shield as even *pro se* litigants have no license to harass others, clog the judicial machinery with meritless litigation, and abuse an already overloaded court system.[12]

Under § 1915(e)(2)(B), the Court must summarily dismiss *in forma pauperis* complaints if the court determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[13] A claim is "frivolous where it lacks an arguable basis either in law or in fact."[14] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if

---

[8] *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).
[9] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoners plaintiffs." (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002))); *Newsome*, 301 F.3d at 231 (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[10] *See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536–37 (2015).
[11] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[12] *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[13] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018); *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R & R adopted sub nom.*, *Vo v. St. Charles Par.*, NO. 10-4624, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[14] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

the complaint alleges the violation of a legal interest which clearly does not exist."[15]  A court may

not dismiss a claim simply because the facts are "unlikely."[16]  A factually frivolous claim alleges

only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise

to the level of the irrational or wholly incredible, whether or not there are judicially noticeable

facts available to contradict them."[17]  A complaint fails to state a claim on which relief may be

granted when the factual allegations do not rise above a speculative level, with the assumption that

all factual allegations in the complaint are true, even if doubtful.[18]

## III.    APPLICABLE LAW AND ANALYSIS

### A.  Plaintiff's Unlawful Stop, False Arrest and Imprisonment Claims Cannot Proceed under *Heck* and/or *Wallace*

Plaintiff asserts false arrest and imprisonment claims against Deputies Thomas, Oubre, and

Detillier, and he also appears to assert an unlawful stop claim against Deputy Thomas.  ECF No.

1 at 2-3, 9.  He alleges on September 5, 2025, Deputy Thomas conducted a warrantless "search"

when he pulled Plaintiff over onto a road's shoulder without reasonable suspicion.  *Id.* at 2 (¶ 1).

After Plaintiff indicated he was driving on a revoked license, Thomas allegedly called for backup,

and Deputies Oubre and Detillier arrived and subsequently arrested Plaintiff.  *Id.* (¶¶ 3-4).  Plaintiff

alleges Thomas escorted him to jail rather than a judge or magistrate in violation of due process

and later wrote a fraudulent probable cause report.  *Id.* at 2-3 (¶¶ 8-9).  Plaintiff does not indicate

whether any charges remain pending or whether any conviction based on same was vacated, set

aside or otherwise invalidated.

---

[15] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[16] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[17] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[18] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[19]  In other words, a claim for damages that would render a conviction or sentence invalid is not cognizable under § 1983 unless the conviction or sentence has been reversed, expunged, declared invalid or called into question by issuance of a writ of habeas corpus.[20]  Where a plaintiff has not established that the criminal proceedings have terminated in his favor, any claim for malicious prosecution, a due process claim, a *Brady* violation, or other § 1983 claim challenging the constitutionality of his conviction and sentence is barred pursuant to *Heck*.  The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[21]

In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court established a modified version of *Heck* that applies in the pretrial context.  When a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the district court must stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations:[22]

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[23]

Thus, when a plaintiff's criminal charges remain pending, a determination of whether *Heck* bars a suit is premature.  Instead, the court stays the § 1983 proceedings until the pending criminal case

---

[19] 512 U.S. at 487.
[20] *Id.* at 486-87.
[21] *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).
[22] *Wallace*, 549 U.S. at 393-94; *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) (finding stay of pretrial § 1983 challenges to an ongoing state criminal proceeding to be the best practice).
[23] *Wallace*, 549 U.S. at 393-94 (citations omitted).

has run its course, as until that time it may be difficult to determine the relation, if any, between the two.[24]  Any pending charges relating to the false arrest, unlawful stop and false imprisonment claims require that this matter be stayed in accordance with *Wallace*.[25]

### B. <u>Grounds for Early Dismissal</u>

Although *Heck* and *Wallace* would normally compel a stay of premature civil claims intertwined with ongoing state criminal proceedings, a stay does not preclude the Court from screening "claims against certain party-defendants on other grounds apparent in the record."[26]

### 1. <u>Criminal Statutes</u>

Plaintiff asserts purported claims based on violations of federal criminal statutes (18 U.S.C. § 241 (conspiracy against rights) and § 242 (deprivation of rights under color of law)) against Deputy Thomas.  ECF No. 1 at 3 (¶ 12), 9.  Criminal charges, however, cannot be brought by private individuals:  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[27]  As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the

---

[24] *Mackey*, 47 F.3d at 746; *Wallace*, 549 U.S. at 393-94 (endorsing stay of civil proceedings until completion of criminal action where *Heck* may bar damages claims); *Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) ("If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved.").

[25] *See Wainwright v. Woodward*, No. 20-961, 2020 WL 5302284, at *3 (W.D. La. Oct. 6, 2020) ("Prevailing on the unlawful stop claim could necessarily imply the invalidity of a future conviction. Such claims are predicated on a lack of reasonable suspicion and necessarily constitute collateral attacks on a conviction if the conviction is founded on evidence derived from the officer's reasonable suspicion and subsequent stop." (citing *Jackson v. Vannoy*, 49 F.3d 175, 176 (5th Cir. 1995) (applying *Heck* to an unlawful vehicle stop claim); *Wallace*, 549 U.S. at 395 n.5 ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction . . . ."); *Agard v. Sanders*, No. 06-1129, 2006 WL 2128079, at *3 (N.D. Tex. July 31, 2006) (finding that the plaintiff's unlawful traffic stop claim would, if proved, implicate the validity of his guilty plea because the evidence discovered following the stop would be subject to suppression)), *R.&R. adopted*, 2020 WL 6298078 (W.D. La. Oct. 27, 2020); *Foster v. Gardner*, No. 14-3279, 2015 WL 965679, at *3 (W.D. La. Mar. 3, 2015) (report and recommendation and order) (staying false imprisonment claims in accordance with *Wallace*).

[26] *Busick v. City of Madison*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck* (citing *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992)).

[27] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

governed, not one private citizen against another."[28]   Nor can a plaintiff compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[29]   The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case, and such decisions are not subject to judicial review.[30]   The federal criminal statutes cited by Plaintiff do not provide a private cause of action.[31]

Plaintiff also asserts against Jake's Towing Co. purported claims based on state criminal statutes (LA. REV. STAT. §§ 26 (criminal conspiracy), 59 (criminal mischief), 62 (simple burglary), 63 (criminal trespass), 63.4 (Aiding and Abetting Others to Enter or Remain on premises where forbidden), 67 (theft), 73.2 (offenses against intellectual property), 73.3 (offenses against computer equipment or supplies), 73.7 (computer tampering), 113 (treason), and 130.1 (obstruction of justice)).   ECF No. 1 at 4-5 (¶¶ 2-5, 7, 10, 12).   While Louisiana recognizes that criminal statutes may provide the standard of care in a tort action when the other fundamental elements of a tort (duty of care, damages) are present,[32] they do not generally create a private cause of action.   For a private cause of action to exist, there must be a statutory basis for inferring that a civil cause of

---

[28] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (dismissal of writ of certiorari as improvidently granted) (Roberts, C.J., dissenting).

[29] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).

[30] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).

[31]  *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005) ("[Sections] 241 and 242 do not provide a basis for civil liability. . . . Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous." (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999))); *see also Tijerino v. GATR Truck Ctr.*, No. 24-947, 2024 WL 4564776, at *2 n.15 (E.D. La. Oct. 23, 2024) (Zainey, J.) (citing *Payne v. Allen*, No. 08-795, 2009 WL 1546362, at *1 n.1, *5 (W.D. La. June 1, 2009) (dismissing claims under 18 U.S.C. § 241 as frivolous because the statute does not provide for a private right of action)); *White v. Statebridge Co.*, No. 22-713, 2023 WL 2472657, at *8 (E.D. Tex. Feb. 6, 2023) ("Federal courts have uniformly found there is no private cause of action under 18 U.S.C. Sections 241, 242." (citing cases)); *Wooden v. Landry*, No. 19-690, 2020 WL 7344609, at *2 n.21 (M.D. La. Nov. 3, 2020) (finding no private right of action under sections 241 and 1510 (citing cases)), *R.&R. adopted*, 2020 WL 7344705 (M.D. La. Dec. 14, 2020).

[32] *Louisiana v. Guidry*, 489 F.3d 692, 699 (5th Cir. 2007).

action lies in favor of someone.[33]  In other words, "the private action must be based on more than a 'bare criminal statute.'"[34]  A criminal statute must "'explicitly' indicate that it . . . provide[s] . . . a private [cause] of action."[35]  The statutes cited by Plaintiff do not explicitly provide private causes of action; they are bare criminal statutes.

    2.  <u>Civil RICO</u>

Plaintiff cites the Racketeer Influenced and Corrupt Organization Act ("RICO") and appears to allege Jake's Towing Co. engaged in a RICO conspiracy.  *See* ECF No. 1 at 5 (¶11).  Under federal law, a civil RICO claim[36] requires a plaintiff to establish three threshold elements:[37]  The defendant must be (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.[38]  A pattern of racketeering activity consists of two or more predicate acts, federal or state, that are (1) related and (2) amount to or pose a threat of continued criminal activity.[39]  A RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise,"[40] and "plaintiff must plead the specified facts as to each defendant. It cannot . . . 'lump[ ] together the defendants.'"[41]

---

[33] *Fernandez v. Am. Sugar Refin., Inc.*, No. 25-772, 2025 WL 2294879, at *3 (E.D. La. Aug. 8, 2025) (Barbier, J.) (quoting *Gressett v. City of New Orleans*, No. 17-16628, 2018 WL 3642008, at *4 (E.D. La. Aug. 1, 2018) (Vance, J.) (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)), *aff'd sub nom. Gressett v. New Orleans City*, 779 F. App'x 260 (5th Cir. 2019)).

[34] *Id.* (quoting *Ali*, 8 F.3d at 22); *see also Guidry*, 489 F.3d at 699 ("Alone . . . a criminal violation will not create tort liability.").

[35] *Berry v. Wells Fargo Bank, N.A.*, No. 20-30670, 2022 WL 728969, at *5 (5th Cir. Mar. 10, 2022) (per curiam) (quoting *Chevalier v. L.H. Bossier, Inc.*, 676 So. 2d 1072, 1076 (La. 1996)).

[36] 18 U.S.C. § 1964(c).

[37] *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).

[38] *Id.*; *see also St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citation omitted).

[39] *St. Germain*, 556 F.3d at 263.

[40] *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024) (quoting *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)).

[41] *Id.* (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) (quoting *In re MasterCard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002))).

Plaintiff appears to base the claim on Jake Towing Co.'s alleged "trickery, fraud, schemes, deprivations, deceit, practices, theft, fraudulent claims of abandonment, [and] policies," and the St. Charles Parish Sheriff's Office and state court "aid[ ] and protect[ ]" the company. ECF No. 1 at 5 (¶ 11). It is not clear that any of the conduct Plaintiff specifically alleges in his Complaint constitutes "racketeering activity" under 18 U.S.C. § 1961(1). In any event, Plaintiff's allegations are conclusory.

### 3. Judicial Immunity

Plaintiff asserts a § 1983 claim against Judge Aucoin based on an alleged procedural due process violation under the Fourteenth Amendment.

The Eleventh Amendment to the United States Constitution prohibits suit against a State in federal court without the State's consent.[42] The State of Louisiana has not waived its sovereign immunity or consented to the exercise of federal judicial power in civil actions against it.[43] A state judge in her official capacity is not considered a "person" subject to suit under § 1983[44] because any judgment would be satisfied out of the state treasury, rendering the State liable for any alleged wrongs.[45] Thus, a claim against a judge in an official capacity is considered a claim against the State itself, which is barred by the Eleventh Amendment.[46]

---

[42] *Edelman v. Jordan*, 415 U.S. 659, 662-63 (1974).

[43] LA. REV. STAT. § 13:5106(A); LA. CONST. art. I, § 26; *Harris v. La. Off. of Juv. Just.*, No. 18-13356, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (Vance, J.) (quoting *Jones v. La. Dep't of Health & Hosps.*, No. 15-6997, 2016 WL 3198614, at *2 (E.D. La. June 9, 2016) (citing *Holliday v. Board of Supervisors of LSU Agric. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014))).

[44] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding suit against a state official in official capacity is not a suit against the individual person but a suit against the official's office); *Boyd v. Lasher*, No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010) (order adopting R&R) (recognizing a judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of § 1983); *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009) (Zainey, J.) (same).

[45] *See* LA. REV. STAT. § 13:5108.1; *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986).

[46] *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007) (Vance, J.) (finding suit against Louisiana state judge in an official capacity is suit against the State); *Voisin's Oyster House*, 799 F.2d at 188; *Doris v. Van Davis*, No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) (Barbier, J.) (finding judgment

In addition, judicial immunity applies to a judge acting in his authority as a presiding officer, regardless of whether the judge's actions were erroneous, malicious, or in excess of his authority.[47]  "A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction."[48]

   4.   Improper Defendant

Plaintiff has named the St. Charles Parish Sheriff's Office as a Defendant.  ECF No. 1.

   Federal Rule of Civil Procedure 17 provides in pertinent part that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located."  FED. R. CIV. P. 17(b)(3).  Article 24 of the Louisiana Civil Code states there are two kinds of persons that are capable of being sued, natural persons and juridical persons.  A "juridical person is an entity to which the law attributes personality . . . ."  LA. CIV. CODE art. 24.

   Louisiana law affords legal status to Louisiana sheriffs, not their offices.[49]  Thus, while a plaintiff may file suit against the Sheriff, the "Sheriff's Office" is not a proper party.[50]  As the Sheriff in his official capacity is the appropriate governmental entity for any violations committed by his office,[51] Plaintiff's claims against the St. Charles Parish Sheriff's Office are legally frivolous.[52]

---

against a Louisiana state judge in official capacity would be satisfied out of the state treasury rendering a claim against the judge a claim against the state).

[47] *Du Bois v. Warne*, 336 F. App'x 407, 409 (5th Cir. 2009) (citing *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996)).

[48] *Id*. (citing *Boyd*, 31 F.3d at 284).

[49] *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002) (citing *Porche v. Saint Tammany Par. Sheriff's Off.*, 67 F. Supp. 2d 631, 635 (E.D. La. 1999)).

[50] *Edminston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 407 (5th Cir. 2019) ("Louisiana sheriffs are juridical entities that can be sued, but Louisiana sheriff's offices are not.").

[51] *Carpenter v. Webre*, No. 17-808, 2018 WL 1453201, at *6 (E.D. La. Mar. 23, 2018) (Morgan, J.) (citing *Winfrey v. San Jacinto Cnty.*, 481 F. App'x 969, 976 (5th Cir. 2012); *Jenkins v. Jefferson Par. Sheriff's Off.*, 402 So. 2d 669, 671 (La. 1981)).

[52] *See Pittman v. Campbell*, No. 24-2168, 2025 WL 358922, at *4 (E.D. La. Jan. 31, 2025) (Africk, J.) (finding claims brought against state courts frivolous under § 1915(e)(2) because the court lack the capacity to be sued).

## IV.     **CONCLUSION**

Based on the information provide by Plaintiff in his *in forma pauperis* application (ECF No. 2), Plaintiff has established that he is unable to pay fees in this matter, entitling him to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Under the broadest reading to be afforded *pro se* complaints,[53] however, Plaintiff's Complaint appears subject to dismissal under § 1915.

Criminal statutes cannot be enforced by a plaintiff through a civil action.  Further, Plaintiff asserts claims against deputies arising out of a September 5, 2025, arrest and subsequent imprisonment.  Without any allegations as to the status of any charges arising from same, the Court cannot discern whether the case may proceed consistent with *Heck* and/or *Wallace.*  Even apart from *Heck/Wallace*, however, the claim against Judge Aucoin is barred by immunity, and Plaintiff's civil RICO claim is wholly conclusory.  Further, the St. Charles Parish Sheriff's Office is an improper defendant, and Plaintiff does not identify any claim against St. Charles Parish.  As such, Plaintiff's Complaint appears to be subject to summary dismissal under § 1915(e)(2).

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's *Ex Parte* Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Wednesday, March 4, 2026**, Plaintiff Vance Scott Senior **show cause** why his Complaint should not be summarily dismissed as frivolous and/or failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2);

---

[53] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976)).

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** of his position, setting forth the specific facts supporting his cause(s) of action against each named defendant, the basis of federal jurisdiction over each claim against each named defendant, and the basis for this court's exercise of personal jurisdiction over each named defendant. **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HIS COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on March 4, 2026, and the matter will be deemed under advisement on the briefs on that date.

New Orleans, Louisiana, this ___3rd___ day of February, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE