UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VANCE SCOTT SENIOR | * | CIVIL ACTION NO. |
| VERSUS | * | 25-2417 |
| ST. CHARLES PARISH, ET AL. | * | SECTION "O" (2) |

## ORDER

After considering the initial complaint, the applicable law, the Magistrate Judge's Report and Recommendation, Plaintiff's objections to the Report and Recommendation,[1] Plaintiff's motion for leave to amend complaint, and Plaintiff's proposed amended complaint, the Court finds that Plaintiff has failed to address the lynchpin question of whether Plaintiff's state criminal case has been adjudicated and, if so, whether he was found guilty thus warranting dismissal of the surviving federal claims under *Heck*.[2]  Accordingly, the Court approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

**IT IS ORDERED** that the case is **STAYED** considering *Wallace v. Kato*'s application to Plaintiff's false arrest, false imprisonment, and unlawful stop claims against Deputies Charles Thomas, Brandon Oubre, and Corey Detillier.

---

[1] Plaintiff's objections to Judge Currault's Report and Recommendation (ECF No. 7) were filed on June 1, 2026, which was more than two weeks past the May 18, 2026 deadline. Even if not substantively meritless, Plaintiff's objections would be denied for this additional reason.

[2] Plaintiff submitted his objections from Nelson Coleman, suggesting Plaintiff's state criminal case is either pending or has resulted in a conviction.

1

**IT IS FURTHER ORDERED** that Plaintiff's motion[3] for leave to file Amended Complaint is **DENIED** and the matter is **ADMINISTRATIVELY CLOSED** for statistical purposes.

If Plaintiff intends to proceed with these claims, he must file a motion to lift the stay within 30 days after the date that the criminal proceedings terminate in his favor by either an acquittal or a failure to convict. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the false arrest, false imprisonment, and unlawful stop claims will be dismissed under *Heck v. Humphrey*; if no such finding is made, Plaintiff will be allowed to proceed with these claims, absent some other bar to suit.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 excessive force claims against Deputies Brandon Oubre and Corey Detillier and § 1983 claim against Charles Jacobs/Jake's Towing Company based on the non-consensual tow are **DISMISSED WITHOUT PREJUDICE** for failure to state claims upon which relief can be granted, allowing Plaintiff an opportunity to amend these claims only if the stay is lifted.

**IT IS FURTHER ORDERED** that Plaintiff's unidentified claim against the St. Charles Parish Sherriff's Office; *Monell* claim against St. Charles Parish; § 1983 claim against Judge Connie Aucoin for damages and injunctive relief; § 1983 claims against Deputy Charles Thomas based on the impoundment of the borrowed vehicle, the judicial determination of probable cause, and Plaintiff's intrastate travel; the

---

[3] ECF No. 7.

Civil RICO claim against Charles Jacobs/Jake's Towing Company; and § 1985(3) and § 1986 claims against Deputies Thomas, Oubre, and Detillier and Charles Jacobs/Jake's Towing Company be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 as legally frivolous.

New Orleans, Louisiana, this 6th day of July, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

3